In the United States District Court
for the Southern District of Texas
Laredo Division

| | | |
|---|---|---|
| Ricardo D. Palacios, *et al*. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  5:17-cv-00244 |
| | § | |
| Mario Martinez, *et al*., | § | |
| Defendants. | § | Jury |

### Defendant Salinas' Motion to Dismiss
### Plaintiffs' First Amended Complaint with Brief in Support

Ranger Ernesto Salinas files this motion to dismiss Plaintiffs' First Amended Complaint with brief in support pursuant to Rule 12(b)(6) based upon his entitlement to qualified immunity and statutory immunity granted to him by Section 101.106(f) of the Texas Civil Practice and Remedies Code.

### Statement of the Case

Ricardo Palacios and Juan Salinas Ranch, LTD, bring a civil rights action for damages arising under the United  States Constitution via 42 U.S.C. § 1983, claiming illegal search (and seizure?) in violation of the Fourth Amendment and a supplemental state tort for trespass against Ranger Salinas and agents of the United States Customs and Border Patrol.

Plaintiffs allege that Ranger Salinas threatened Plaintiffs with criminal charges unless they returned the camera that had been allegedly illegally placed on their ranch by the United States Customs and Border Control. They claim this threat is violation of the Constitution.

### Statement of the Issue with Standard of Review

Whether Ranger Salinas is entitled to dismissal of the complaint based upon Rule 12(b)(6)?

A claim may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Brief in Support

Qualified immunity is an affirmative defense to all federal law claims. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Under the doctrine of qualified immunity, government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a threshold legal question to be decided by the court. *Mitchell v. Forsyth,* 472 U.S. 511, 527-529 (1985). The government official's liability turns on the "objective legal reasonableness" of the action assessed in light of the legal rules that were "clearly established" at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

The Supreme Court addressed the need for the right to be clearly established in *Mullenix v. Luna*, 136 S.Ct. 305 (2015). The inquiry must be undertaken in light of the specific context of the case and not simply a broad proposition, especially in Fourth Amendment cases. 136 S.Ct. at 308. The Supreme Court previously stated in *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011), that "[w]e do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."

Once the qualified immunity defense is raised, the plaintiff has the burden in a summary judgment proceeding to negate the defense. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The Fifth Circuit has described this as a demanding standard, *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), and a significant hurdle. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).

Ranger Salinas has been unable to find any case that clearly establishes that an officer violates the Fourth Amendment by threatening to file criminal charge against a citizen or any case that would put him on notice that his actions were violating Plaintiffs' Constitutional rights under the Fourth Amendment by such alleged threats. Consequently, without such clearly established law, Ranger Salinas is entitled to qualified immunity.

Plaintiffs also bring a claim for trespass in violation of State law[1]. Initially, it should be noted that nowhere in the statement of facts do Plaintiffs claim that <u>Ranger Salinas</u> trespassed on their ranch. Regardless, any state law tort for trespass would be subject to dismissal based upon Section 101.106(f) of the Texas Civil Practice and Remedies Code, which provides statutory immunity for a State employee when a claim is brought against them for actions taken within the scope of their employment and the claim could have been brought against the governmental unit. Ranger Salinas was acting within the scope of his employment by investigating the possible theft of a camera by Plaintiffs. *See Tipps v. McCraw*, 945 F.Supp.2d. 761, 766-767 (W.D. Tex. 2013) *see also Morrison v. Walker*, 2017 WL 3431966, * 5 (5th Cir. 2017). The claim could also have been brought against the governmental agency in question, here, the Texas Department of Public Safety, Ranger Salininas' employer. *See Tipps* 945 F.Supp. 2d at 768. This is regardless of whether the claim against the agency would be successful. *See Morrison* at *5. Ranger Salinas is therefore entitled to statutory immunity from the claim of trespass.

---

[1]Plaintiffs also allege a violation of the Texas Penal Code [D.E. 1 ¶¶ 42-43]. However, the Texas Penal Code does not create a private cause of action. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex.App. – Tyler 1996, rehearing overruled).

**Conclusion**

Ranger Salinas' motion to dismiss pursuant to Rule 12(b)(6) should be granted and the complaint against him  should be dismissed with prejudice based upon his entitlement to both qualified and statutory immunity.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

LACEY E. MASE
Division Chief
Law Enforcement Defense Division

/s/SETH BYRON DENNIS
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 936-2109

## Notice of Electronic Filing

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Salinas' Motion to Dismiss Plaintiffs' First Amended Complaint with Brief in Support** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 19th day of January, 2018.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Salinas' Motion to Dismiss Plaintiffs' First Amended Complaint with Brief in Support** has been served by means of the Southern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 19th day of January, 2018, addressed to all parties of record.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General