United States District Court
Southern District of Texas
**ENTERED**
August 23, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **RICARDO D. PALACIOS,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-244 |
| | § | |
| **MARIO MARTINEZ,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM & ORDER**</u>

In this civil-rights lawsuit, Plaintiff Ricardo D. Palacios accuses several unknown Border Patrol agents and Ranger Ernesto Salinas of the Texas Department of Public Safety (DPS) of brazenly trespassing on his ranch near Laredo, Texas.[1] Palacios also accuses them of installing a surveillance camera on his ranch without his permission. According to Palacios, the camera was one of hundreds of cameras supplied by DPS as part of Operation Drawbridge, a joint effort of DPS and Border Patrol to monitor the Texas-Mexico border for illegal activity. Palacios is suing (1) Ranger Salinas; (2) the unknown Border Patrol agents; and (3) Mario Martinez, the Chief Patrol Agent of Border Patrol's Laredo sector.

Palacios's first amended complaint (Dkt. 6) and subsequent filings have made it hard to tell what claims he brings against whom. Nonetheless, as best the Court can tell, the complaint contains four distinct claims. First, it contains a *Bivens* claim against all the defendants, alleging that they violated Palacios's Fourth Amendment right against unreasonable government searches. (*Id.* at ¶¶ 84–88.) Second, it contains a state-law trespass claim against all the

---

[1] Palacios is technically one of two plaintiffs. The other plaintiff, Juan Salinas Ranch, Ltd., is a limited partnership that has title to Palacios's ranch. (Dkt. 6 at ¶ 7.) Palacios is the partnership's general partner and is also suing on the partnership's behalf. (*Id.*)

defendants. (*Id.* at ¶ 81.) Third, it contains a section 1983 claim—which Palacios has since withdrawn[2]—against Ranger Salinas to "redress the deprivation, under color of State Law," of Palacios's Fourth Amendment rights.[3] (*See id.* at ¶ 2.) Fourth, it contains a declaratory-relief claim seeking a declaration of Palacios's "rights as a property owner against those of the U.S. CBP," the federal agency responsible for Border Patrol.[4] (*Id.* at ¶ 93.) Specifically, it asks the Court to declare that because Palacios's ranch is more than 25 miles from the Mexican border, Border Patrol does not have the right under 8 U.S.C. § 1357(a)(3) to access his ranch without a warrant "for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States." (*Id.* at 24–25, 30.) The complaint does not specify whether any of the four claims are against Defendants in their individual or official capacities.

Now before the Court are three motions. First, the unknown agents and Chief Patrol Agent Martinez (collectively, "the Federal Defendants") filed a motion to dismiss any official-capacity claims against them on sovereign-immunity grounds. (Dkt. 13.) Palacios does not oppose this motion because he says he intended to sue the Federal Defendants in their individual capacities only. (Dkt. 14 at 4–5.) Second, Ranger Salinas filed a Rule 12(b)(6) motion to dismiss

---

[2] *See infra* Part B.2.

[3] In his first amended complaint, Palacios does not expressly mention 42 U.S.C. § 1983. But he does state that the Court has jurisdiction over this case under 28 U.S.C. § 1343(a)(3) (Dkt. 6 at ¶ 2), which is the "jurisdictional counterpart to § 1983." *Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 107 n.4 (1989). Moreover, section 1983 is the statutory vehicle for redressing violations of federal rights under color of state law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). Thus, Palacios brought a section 1983 claim even though he does not mention section 1983 by name.

[4] Border Patrol is the law-enforcement arm of U.S. Customs and Border Protection (CBP). *Int'l Indus. Park, Inc. v. United States*, 100 F. Cl. 638, 643 (2011).

the claims against him in the first amended complaint[5] based on his qualified immunity under federal law and statutory immunity under Texas law. (Dkt. 8.) Third, Palacios filed a motion under Federal Rule of Civil Procedure 67 to deposit the surveillance camera—which he seized—into the registry of the Court.[6] (Dkt. 2.)

Having reviewed the record and the applicable law, the Court grants the two motions to dismiss and denies Palacios's Rule 67 motion. First, the Court will dismiss any official-capacity claims against the Federal Defendants because Palacios has stopped pursuing those claims. This means that Palacios's declaratory-relief claim—which is an official-capacity claim because it seeks relief that would bind the federal government—is also dismissed. Second, the Court will dismiss the trespass claim against Ranger Salinas because he is statutorily immune under Texas law, and the Court will dismiss the *Bivens* claim against him because *Bivens* applies only to federal agents acting under color of federal law. Lastly, the Court will deny Palacios's Rule 67 motion because he does not request relief concerning the camera itself, and Rule 67 is therefore inapplicable.

## Factual Background

In addressing the pending motions, the Court assumes the following well-pleaded factual allegations to be true.[7]

---

[5] Salinas also filed a motion to dismiss (Dkt. 4) the claims against him in Palacios's original complaint (Dkt. 1). The Court will deny that motion as moot.

[6] A third motion to dismiss (Dkt. 19) filed by Chief Patrol Agent Martinez in his individual capacity is not addressed in this order because Palacios recently submitted a motion for leave to file a second amended complaint (Dkt. 25) that would flesh out his allegations against Martinez.

[7] "For the purpose of a motion to dismiss . . . this Court must assume all well-pleaded allegations as true." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Palacios lives on a ranch just over 25 miles from the Texas-Mexico border. (Dkt. 6 at 6.) "[O]ver the last several years," Palacios has repeatedly encountered Border Patrol agents "roaming about" the ranch "as though it were a public parkland." (*Id.* at ¶¶ 16–17.) Each time, Palacios ordered the agents off the ranch, telling them they were trespassing. (*Id.* at ¶ 17.) Sometimes, the agents told Palacios that they could "do what they wanted" because they were within 25 miles of the Mexican border. (*Id.* at ¶ 18.)

Three weeks before this lawsuit was filed, Palacios found a surveillance camera attached to a tree on the ranch "about one-half city block" from his son's house. (*Id.* at ¶ 31.) Palacios removed the camera from the tree and took possession of it. (*Id.*) Afterward, he received phone calls from a Border Patrol agent and Ranger Salinas, each of whom demanded that it be returned. (*Id.* at ¶¶ 32–34.) Additionally, Salinas threatened to file criminal theft charges against Palacios unless he immediately returned the camera. (*Id.* at ¶ 34.)

Ranger Salinas and unknown Border Patrol agents jointly placed the camera in Palacios's tree as part of Operation Drawbridge, a program administered by DPS in partnership with Border Patrol with the goal of monitoring the Texas-Mexico border for criminal activity. (*Id.* at ¶¶ 38, 54, 60–61, 64.) Hundreds of similar cameras have been deployed throughout the border area as part of the operation. (*Id.* at ¶ 38.) Each camera is paired with a motion sensor in the ground; when the sensor is triggered, the camera takes pictures of the area surrounding the sensor. (*Id.* at ¶ 60.) DPS and Border Patrol monitor the cameras 24 hours a day, seven days a week. (*Id.* at ¶ 59.)

## <u>Discussion</u>

### A.    The Federal Defendants' Motion to Dismiss Official-Capacity Claims

Palacios's first amended complaint appears to bring three claims against the Federal

Defendants: (1) a *Bivens* claim, (2) a trespass claim,[8] and (3) a claim for declaratory relief. The complaint does not specify which claims are against the Federal Defendants in their official capacities and which claims are against them in their individual capacities.

In their motion to dismiss, the Federal Defendants contend that any claims against them in their official capacities should be dismissed under Rules 12(b)(1) or 12(b)(6) on sovereign-immunity grounds. (Dkt. 13.) In response, Palacios denies having sued the Federal Defendants in their official capacities and states that he sued the Federal Defendants in their individual capacities only. (Dkt. 14 at 4–5.) Thus, the Federal Defendants' motion to dismiss is granted. To the extent that Palacios has brought official-capacity claims against the Federal Defendants, Palacios has withdrawn those claims, and they are accordingly dismissed without prejudice.[9]

Additionally, by withdrawing any official-capacity claims, Palacios has withdrawn his claim for declaratory relief as well. The declaratory-relief claim is an official-capacity claim

---

[8] Palacios now appears ready to withdraw his trespass claim against the Federal Defendants in their individual capacities. (*See* Dkt. 14 at 4–5, 12; Dkt. 21 at 5; Dkt. 23 at 9.) But the Court need not address here whether that claim should be dismissed.

[9] The dismissal is without prejudice because it is "not on the merits." *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). In effect, the Court is construing Palacios's statement that he is not pursuing official-capacity claims as a motion to amend his complaint to withdraw any such claims. Under Rule 15, a plaintiff may amend his complaint with the court's leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). Dropping a claim via Rule 15 "amounts to a dismissal of the claim[] without prejudice." *See Resonant Sensors Inc. v. SRU Biosystems, Inc.*, 2010 WL 11530761, at *1 (N.D. Tex. June 8, 2010). Here, there is no harm in allowing Palacios to drop any official-capacity claims without prejudice, for two reasons. First, the Federal Defendants have already asked the Court for dismissal without prejudice by asking for dismissal for lack of jurisdiction under Rule 12(b)(1). *See Sepulvado v. La. Bd. of Pardons and Parole*, 114 F. App'x 620, 622 (5th Cir. 2004) (per curiam) ("Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice . . . ."). Second, the litigation "is still in an early stage procedurally." *See Resonant Sensors*, 2010 WL 11530761, at *2. Indeed, Palacios is still entitled under Rule 41 to dismiss the case without prejudice without a court order because Defendants have not yet served any answer or summary-judgment motion. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

against the Federal Defendants because Palacios seeks declarations that would constrain the federal government itself. *See Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 33 (5th Cir. 1992) (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963)) (explaining that a suit "will be construed as one against the United States" if the effect of the judgment sought would "restrain the Government from acting"); *see also Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012) (explaining that an official-capacity suit seeks relief that "in effect binds the government entity just as would a suit against the government entity itself"). Specifically, Palacios's amended complaint asks the Court to "declare [his] rights as a private property owner as against those of U.S. CBP" and to "declare that Defendants' entering [his] private property without a warrant . . . exceeds the outer parameters of authority granted to U.S. CBP." (Dkt. 6 at 28, 30.) In short, the declaratory-relief claim is an official-capacity claim because it seeks a declaration that Border Patrol must get a warrant before entering Palacios's ranch. Thus, because Palacios has withdrawn his official-capacity claims, the declaratory-relief claim is also dismissed without prejudice.

**B.     Ranger Salinas's Motion to Dismiss**

Palacios appears to bring three claims against Ranger Salinas: (1) a trespass claim, (2) a section 1983 claim, and (3) a *Bivens* claim.[10] In his motion to dismiss (Dkt. 8), Salinas argues that the trespass claim should be dismissed based on his statutory immunity under Texas law and that the federal claims should be dismissed based on his qualified immunity under federal law. The Court will address each claim in turn.

---

[10] Palacios implies in his response to Salinas's motion to dismiss that his claim for declaratory relief is also against Salinas. (Dkt. 9 at 5.) But his actual complaint says that the declaratory relief he seeks is against CBP only. (Dkt. 6 at 28, 30.)

### 1.     Trespass Claim

Palacios's trespass claim against Ranger Salinas is barred by Salinas's statutory immunity under Texas law. Under section 101.106(f) of the Texas Civil Practice and Remedies Code, a state officer is statutorily immune from a tort claim if two requirements are met. *Morrison v. Walker*, 704 F. App'x 369, 375 (5th Cir. 2017) (per curiam). First, the claim must be "based on conduct within the scope of the [officer]'s employment with a governmental unit." *Id.* (quoting *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017)). Conduct is within the scope of an officer's employment so long as it is "of the same general nature" as the duties the officer is authorized to perform. *Laverie*, 517 S.W.3d at 753 (quoting *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)). Second, the claim must be one that "could have been brought against the governmental unit" itself under the Texas Tort Claims Act (TTCA). *Morrison*, 704 F. App'x at 375 (quoting *Laverie*, 517 S.W.3d at 752). A trespass claim against a state officer meets this requirement because it can be brought directly against the government under the TTCA. *Redburn v. Garrett*, 2013 WL 2149699, at *7 (Tex. App.—Corpus Christi 2013, pet. denied) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011)).

There is an "exception" to section 101.106(f) immunity for *ultra vires* claims, which arise when a state official "act[s] without legal or statutory authority." *Perales v. Lara*, 2018 WL 360012, at *4 n.7 (Tex. App.—Corpus Christi 2018, no pet. h.) (quoting *Beeman v. Livingston*, 468 S.W.3d 534, 538 (Tex. 2015)). But *ultra vires* claims are permissible "only to the extent they seek prospective remedies such as injunctive relief, rather than retrospective remedies such as damages." *Id.* (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366. 373–74 (Tex. 2009)); *accord Tipps v. McCraw*, 945 F. Supp. 2d 761, 767–68 (W.D. Tex. 2013) (applying Texas law).

Here, Palacios cannot dispute that the two prongs for section 101.106(f) immunity are

met. First, it was within the scope of Salinas's employment to install a camera in Palacios's tree as part of Operation Drawbridge. The conduct alleged—installing a surveillance camera to track criminal activity—is generally the type of work a law-enforcement officer is hired to perform. Second, as explained above, Palacios's trespass claim could have been brought directly against the state under the TTCA.

Palacios argues that the *ultra vires* exception to section 101.106(f) immunity applies. (Dkt. 9 at ¶¶ 36, 39–44.) But this argument fails because he is seeking only damages from Ranger Salinas and does not have any claim for prospective relief against him. (*See* Dkt. 6 at 29–30.) Thus, Ranger Salinas is statutorily immune, and Palacios's trespass claim must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 2. Section 1983 Claim

Palacios insists in his response to Salinas's motion to dismiss that he "*ha[s] not* brought any [section] 1983 cause of action against Salinas." (Dkt. 9 at 7) (emphasis in original). However, Palacios did in fact bring a section 1983 claim by suing Salinas for violating his Fourth Amendment rights under color of state law. *See supra* n.3. Thus, because Palacios brought a section 1983 claim but now says he does not wish to pursue one, the Court deems his section 1983 claim to be withdrawn,[11] and the claim is accordingly dismissed without prejudice.[12]

### 3. *Bivens* Claim

Palacios also brings a cause of action against Salinas under *Bivens v. Six Unknown*

---

[11] Because Palacios has withdrawn this claim, the Court need not address Salinas's argument that the claim is barred by qualified immunity.

[12] The Court allows Palacios to drop the claim without prejudice because the litigation "is still in an early stage procedurally." *See supra* n.9.

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized an implied right of action for damages against federal officers. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "A *Bivens* action is analogous to a § 1983 action; the only difference is that § 1983 claims apply to constitutional violations by state actors and *Bivens* claims apply to actions by federal officials." *Espinal v. Bemis*, 464 F. App'x 250, 251 (5th Cir. 2012) (per curiam). Thus, a *Bivens* action cannot be brought against a state agent. *Butler v. Wallace*, 1994 WL 708668, at *1 (5th Cir. Dec. 7, 1994) (per curiam). But a state officer who is deputized by a federal agency and acts in that capacity may be subject to a *Bivens* claim. *Allen v. Travis*, 2008 WL 4602734, at *3 (N.D. Tex. Oct. 10, 2008).

Here, Palacios brings a *Bivens* claim against Ranger Salinas, a state officer. Further, Palacios has not alleged that Salinas was deputized as a federal agent; on the contrary, he alleges that DPS worked in "partnership" with Border Patrol. (Dkt. 6 at ¶¶ 63–64.) Thus, the *Bivens* claim against Salinas is not one upon which relief can be granted, and it must be dismissed with prejudice.

## C.    Palacios's Rule 67 Motion

Rule 67 provides that a party may, with the court's leave, deposit a "deliverable thing" with the court if "any part of the relief sought" is the disposition of the thing. Fed. R. Civ. P. 67(a). Thus, for Rule 67 to apply, the underlying litigation must serve as a vehicle for determining who owns the thing to be deposited. *See Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017). In other words, any ownership dispute regarding the thing "must be capable of being resolved by the Court's ruling in the case." *Pentacles I, LLC v. Pegasus Energy Resources Corp.*, 2012 WL 12886614, at *3 (E.D. Tenn. Sept. 20, 2012).

Here, Rule 67 is inapplicable because the case as it stands now will not resolve who owns

the surveillance camera. No part of Palacios's requested relief concerns the disposition of the camera. (*See* Dkt. 6 at 29–30.) Additionally, no defendant has brought a counterclaim demanding that the camera be returned. *See Farmers Ins. Co. of Flemington v. Boomerang Recoveries, LLC*, 2015 WL 3467890, at *5 (D.N.J. May 29, 2015) (refusing to allow a plaintiff to deposit funds under Rule 67 because "Defendant ha[d] not asserted any claim for the recovery" of the funds). Thus, Palacios's motion is denied without prejudice.

<u>Conclusion</u>

For the foregoing reasons, the Federal Defendants' motion to dismiss the official-capacity claims against them (Dkt. 13) and Ernesto Salinas's motion to dismiss (Dkt. 8) are hereby GRANTED. Thus, the only claims that remain are the *Bivens* and trespass claims against the Federal Defendants in their individual capacities. Additionally, Palacios's Rule 67 motion (Dkt. 2) is hereby DENIED WITHOUT PREJUDICE. Lastly, Salinas's motion to dismiss (Dkt. 4) the claims against him in Palacios's original complaint—which has been superseded by the first amended complaint—is hereby DENIED AS MOOT.

IT IS SO ORDERED.

SIGNED this 23rd day of August, 2018.

_____
Diana Saldaña
United States District Judge